IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERIC TEAGUE,                )
    Plaintiff,            )
v.                          )     No. 3:17-CV-1613-C
                            )
DUSTIN GILMORE, ET AL.,     )
    Defendants.           )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff is currently confined in federal custody. It appears he filed this complaint under 42 U.S.C. § 1983 and Texas state law. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dustin Gilmore, the State of Texas, the Navarro Regional Hospital, and the Navarro County Sheriff's Department. The Court has not issued process pending judicial screening.

Plaintiff states that in 2015, he was involved in a traffic accident in Navarro County, Texas, and was taken to the Navarro Regional Hospital. He states that when he woke up in the hospital, he saw a paper next to his bed stating that he was under arrest for driving while intoxicated. He claims he asked hospital personnel if he could leave, and they allowed him to leave.

He was later arrested by federal authorities and was convicted of possession of child

pornography. He is currently in federal custody, and the State of Texas has placed a detainer against him for the DWI charge, and for another charge of assault with a vehicle against complainant Dustin Gilmore. Plaintiff sues the State of Texas for placing the detainer on him, which he claims prevents him from having access to certain programs in federal custody. He states the Navarro Regional Hospital provided negligent medical care. He claims he does not know complainant Dustin Gilmore, and it appears he is disputing the charge of assault with a vehicle against Gilmore. He claims the Navarro County Sheriff's Department filed false charges against him. He appears to claim that all Defendants defamed him. He seeks money damages, a new car, and an order requiring Defendants to pay his medical bills.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

III.

**1.     Color of Law**

Plaintiff sues the Navarro Regional Hospital and complainant Dustin Gilmore. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that these Defendants acted under color of state law. Plaintiff's § 1983 claims against these Defendants should be dismissed.

**2.     Nonjural Entity**

Plaintiff asserts claims against the Navarro County Sheriff's Department. A plaintiff may

not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). This Defendant should therefore be dismissed.

### 3.     State Law Claims

Plaintiff appears to assert state law claims against Defendants Navarro Regional Hospital and complainant Dustin Gilmore. He alleges Navarro Regional Hospital provided inadequate medical care and that both Defendants made false and defamatory statements against him.

In the absence of federal question jurisdiction, Plaintiff must establish that the Court has diversity jurisdiction in this case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). Diversity jurisdiction requires complete diversity of citizenship between adverse parties and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Here, Plaintiff appears to state that he was a resident of North Carolina before entering federal custody. (ECF No. 9 at 4.) Courts have generally held that a prisoner is a resident of the

state of which he was a resident before he was sent to prison unless he plans to reside elsewhere when he is released. *See Bontkowski v. Smith,* 305 F.3d 757, 763 (7th Cir. 2002); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314 (11th Cir. 2002); *Jones v. Hadican,* 552 F.2d 249, 250-51 (8th Cir.1977); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (citing *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010); *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Since Plaintiff resided in North Carolina prior to entering federal custody, the Court assumes he was a resident of that state. Navarro Regional Hospital is a resident of Texas. Plaintiff has not alleged any state of residency for Defendant Dustin Gilmore, and has stated he does not know Gilmore. Plaintiff therefore has not established diversity jurisdiction, and these claims should be dismissed without prejudice.

**4.    State of Texas**

Plaintiff's claims against the State of Texas are barred by Eleventh Amendment immunity. Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ. Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the state of Texas has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985.");

*Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against the state of Texas should be dismissed.

IV.

The Court recommends that (1) Plaintiff's state law claims be dismissed without prejudice; and (2) Plaintiff's remaining claims be summarily dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 5th day of December, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).